**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Derrick S. Hester, Debra S. Hester, James H. Nicholls, Emma Viola Nicholls, James E. Gregg, Jr., Paulette J. Gregg, Michael Ben Coley, Ashley Coley, Grady L. Barnes, Sr., Julia W. Barnes, Ewen Lennon, and Amy Lennon, Respondents,

v.

Mark Razzano and Carre Razzano, Appellants.

Appellate Case No. 2022-001149

Appeal From Spartanburg County
Shannon Metz Phillips, Master-in-Equity

Unpublished Opinion No. 2026-UP-040
Submitted January 29, 2026 – Filed February 4, 2026

**AFFIRMED**

John T. Crawford, Jr. and Mark Anthony Bible, Jr., both of Kenison Dudley & Crawford, LLC, of Greenville, for Appellants.

Kenneth C. Anthony, Jr., of The Anthony Law Firm, PA, of Spartanburg; and Kenneth Jay Anthony, of Anthony Law, LLC, of Greenville, both for Respondents.

**PER CURIAM:** Mark Razzano and Carre Razzano (collectively, Appellants) appeal the master-in-equity's order denying their request to lift the injunction prohibiting residential use of their garage and finding the garage was not sufficiently attached to the main residence to remove it from the restrictive covenant's ban on "outbuildings" being used as residences.[1] On appeal, Appellants argue the master erred in concluding their garage was an "outbuilding" because the term is ambiguous and undefined and they received no express method of attaching or joining their garage and main residence. We affirm pursuant to Rule 220(b), SCACR.

In a 2020 order, the master found the garage was an outbuilding and specified that it would retain that character unless attached to the main residence. We hold that because Appellants failed to appeal the 2020 order, these findings are the law of the case. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case."). Further, we agree with the master and hold the addition of wooden trellises between the buildings is not sufficient to change the character of the garage from an outbuilding as required by the 2020 order to comport with the plain and ordinary meaning of the term. *See Kinard v. Richardson*, 407 S.C. 247, 256, 754 S.E.2d 888, 893 (Ct. App. 2014) ("An action seeking an injunction to enforce restrictive covenants sounds in equity."); *id.* ("In an equitable action, this court may make findings according to its own view of the preponderance of the evidence."); *Penny Creek Assocs., LLC v. Fenwick Tarragon Apartments*, LLC, 375 S.C. 267, 271, 651 S.E.2d 617, 620 (Ct. App. 2007) ("Restrictive covenants are contractual in nature, and thus, the language used in the restrictive covenant is to be construed according to its plain and ordinary meaning."); *Outbuilding*, *Black's Law Dictionary* (12th ed. 2024) (defining an "outbuilding" as "[a] detached building (such as a shed or garage) within the grounds of a main building"). The evidence showed the structures were separate, with no shared roofline or common walls. Additionally, the structures had separate HVAC units, plumbing, and electricity. Therefore, we hold the garage remains an outbuilding, and the master did not err in refusing to lift the injunction barring its residential use.

**AFFIRMED.**[2]

---

[1] The covenant at issue states that no "garage . . . or other outbuilding erected on any lot shall, at any time, be used as a residence temporarily or permanently . . . ."
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

**THOMAS, MCDONALD, and CURTIS, JJ., concur.**